CATHARINE E. MONTGOMERY and others

*v.*

WILLIAM S. SIMPSON and others.

In a suit against devisees and executors to set aside a deed to the testatrix, alleged to have been obtained by her by fraud, the complainants are not competent witnesses.

Bill for relief. On final hearing on pleadings and proofs.

*Mr. S. F. Bigelow,* for complainants.

*Mr. J. F. Hageman,* for defendants.

THE CHANCELLOR.

This suit is brought by Catharine E. Montgomery and her brother, William J. Montgomery, to set aside a deed

for a house and lot in Princeton, made by them and others, as the nephew and nieces of Anthony Simmons, deceased, late of that place, to Susan Simmons, his widow. The deed was made March 24th, 1868, and purports to have been made for the consideration of five dollars and natural love and affection towards the grantee. Anthony Simmons died about the 1st of March, 1868. By his will, dated the 4th of February, 1854, he gave the use of the house and lot in question to his wife, for life, and directed that at her death the property should be sold, and the proceeds divided between all his nephews and nieces. He then, after devising the half of another house and lot in Princeton, directed the payment of certain pecuniary legacies out of the residue of his estate, and directed that the rest of the residue be invested, and that out of the interest certain payments (including a life annuity) be made, and that the principal go to his nieces, Mary Snediker, Anna Maria Montgomery, Catharine E. Montgomery, and his nephew William Montgomery—the last two the complainants. Anna Maria Montgomery died, without issue, after the testator's death. The bill states that, very soon after the death of the testator, his widow induced the complainants, by means of the representation that they were not the legitimate grand-nephew and grand-niece of the testator, because, as she alleged, their father, though the son of the sister of the testator, was not her legitimate child, and also by the promise that she would devise the property to them, induced the complainants to sign the deed. It further states that she did not regard her promise, but devised the property to two of the defendants, and that the representation as to their illegitimacy was false. The bill asks an answer without oath. All the defendants have answered.

The alleged representation and promise were, as the complainants say, made to them, and them alone. They adduce no corroboration, and they say that there was never any witness except themselves and the grantee, and she is dead. While they insist that their claim is, in fact, against the

devisees, and not the executors of the grantees, the latter are parties to the suit.

The will of the grantee gives certain pecuniary and specific legacies, and then gives the residuum of the estate, both real and personal, to the two defendants, William S. Simpson and Mary E. Hackett, and gives the executors power to sell the real estate to pay the debts and legacies. The complainants are not competent witnesses. *Force* v. *Dutcher, 3 C. E. Gr. 401; Sweet* v. *Parker, 7 C. E. Gr. 453.*

It will not be out of place to remark that the evidence in the case shows that the deed in question was the result of an arrangement by which, as an act of justice to the widow, who was dissatisfied with the will, and threatened litigation, and with a view to a speedy settlement of the estate, whereby they would be enabled to obtain, without delay, the benefit of the gifts to them, the complainants joined in the deed.

The proof that the complainant Catharine was a minor, is not satisfactory. She herself, when first sworn, stated that she was born in 1846. The deed was signed in 1868. After two other persons had sworn that she was born in 1848, she was recalled, and swore that she was born in that year. It is enough to say that the bill does not allege that she was a minor when the deed was signed. The proof on this point, therefore, is immaterial.

The bill will be dismissed, with costs.